JAMES DUNN, UTAH BAR NO. 3785
ATTORNEY AT LAW
1108 W. SOUTH JORDAN PARKWAY, Ste. A
SOUTH JORDAN, UT 84095
TELEPHONE: (801) 254-9209
TELEFAX: (801) 254-9246

DAN R. HARDEE
MICHAEL CHRISTIAN
MARCUS, MERRICK, CHRISTIAN & HARDEE, LLP
ATTORNEYS AT LAW
737 NORTH 7TH STREET
BOISE, IDAHO 83702
TELEPHONE: (208) 342-3563
TELEFAX: (208) 342-2170

FILED
CLERK, U.S. DISTRICT COURT
-1 NOV 02 PM 4:21
DISTRICT OF UTAH
BY:_____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| JILL HITT,<br><br>       Plaintiff,<br><br>vs.<br><br>NATIONAL SERVICE INDUSTRIES, INC.; ACUITY LIGHTING GROUP, INC.; ACUITY BRANDS, INC.; GTY INDUSTRIES, INC.; POOL 'N PATIO SUPPLY, INC.; HYDREL Corporation; LITHONIA LIGHTING; USHIO AMERICA, INC.; STA-RITE INDUSTRIES,<br><br>       Defendants. | Case No.<br><br>COMPLAINT<br><br>2:02CV 1196 |

Plaintiff Jill Hitt complains of Defendants and alleges as follows:

1. Plaintiff is and was at all relevant times a resident of Cassia County, Idaho. Plaintiff, prior to the incident alleged in this Complaint, was injured in an accident and as a result is a paraplegic, paralyzed from the waist down.

COMPLAINT - Page 1

2. Bristol Hotel & Resorts ("Bristol") is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business in Addison, Texas, and doing business in Utah. Upon information and belief, in November 19998, Defendant Bristol was the lessee of and in possession and control of a hotel known as the Airport Holiday Inn ("the hotel") located at 1659 W. North Temple, Salt Lake City, Utah. In operating this hotel, Bristol/Felcor extended to the public its accommodations, advantages and privileges.

3. Felcor Lodging Trust, Inc. ("Felcor"), is a corporation organized and existing under the laws of the State of Maryland, having its principal place of business in Salt Lake City, Utah. Upon information and belief, in November 1998, Defendant Felcor owned and leased the hotel to Defendant Bristol.

4. Defendant Acuity Brands, Inc. ("Acuity Brands"), is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business in Atlanta, Georgia, and doing business in Utah. Upon information and belief, Acuity Brands was a manufacturer, distributor, seller or installer of the underwater light fixture at issue in this matter, or was a successor in interest to the manufacturer, distributor, seller or installer of said light fixture.

5. Defendant Acuity Lighting Group, Inc. ("Acuity Lighting") is a corporation organized and existing under the laws of the State of Georgia, having its principal place of business in Atlanta, Georgia, and doing business in Utah. Upon information and belief, Acuity Lighting was a manufacturer, distributor, seller or installer of the underwater light fixture at issue in this matter, or was a successor in interest to the manufacturer, distributor, seller or installer of said light fixture.

6. Defendant National Services Industries, Inc. ("National Services"), is a corporation organized and existing under the laws of the State of Delaware, having its principal

place of business in Atlanta, Georgia, and doing business in Utah. Upon information and belief, National Services was a manufacturer, distributor, seller or installer of the underwater light fixture at issue in this matter, or was a successor in interest to the manufacturer, distributor, seller or installer of said light fixture.

7. Defendant GTY Industries, Inc. ("GTY"), is a corporation organized and existing under the laws of the State of California. Upon information and belief, GTY was a manufacturer, distributor, seller or installer of the underwater light fixture at issue in this matter, or was a successor in interest to the manufacturer, distributor, seller or installer of said light fixture.

8. Defendant Sta-Rite Industries ("Sta-Rite") is a corporation organized and existing under the laws of the State of Wisconsin and doing business in Utah. Upon information and belief, Sta-Rite was a manufacturer, distributor, seller or installer of the underwater light fixture at issue in this matter, or was a successor in interest to the manufacturer, distributor, seller or installer of said light fixture.

9. Defendant USHIO America, Inc. ("USHIO"), is a corporation organized and existing under the laws of the State of California and doing business in Utah. Upon information and belief, USHIO was a manufacturer, distributor, seller or installer of the underwater light fixture at issue in this matter, or was a successor in interest to the manufacturer, distributor, seller or installer of said light fixture.

10. Defendant Lithonia Lighting ("Lithonia") is a corporation organized and existing under the laws of the State of Georgia and doing business in Utah. Lithonia is a subsidiary of Acuity Lighting Group. Upon information and belief, Lithonia was a manufacturer, distributor, seller or installer of the underwater light fixture at issue in this matter, or was a successor in interest to the manufacturer, distributor, seller or installer of said light fixture.

11. Defendant Hydrel Corporation ("Hydrel") is a wholly owned subsidiary of Lithonia Lighting, a corporation organized and existing under the laws of the State of Georgia and doing business in Utah. Upon information and belief, Hydrel was a manufacturer, distributor, seller or installer of the underwater light fixture at issue in this matter, or was a successor in interest to the manufacturer, distributor, seller or installer of said light fixture.

12. Defendant Pool 'N Patio Supply, Inc. ("Pool 'N Patio Supply") is a corporation organized and existing under the laws of the State of Utah and doing business in Utah. Upon information and belief, Pool 'N Patio Supply was a manufacturer, distributor, seller or installer of the underwater light fixture at issue in this matter, or was a successor in interest to the manufacturer, distributor, seller or installer of said light fixture.

13. Jurisdiction of this Court is invoked pursuant to the provisions of 28 USC § 1332.

14. On November 2, 1998, Plaintiff rented a room at the hotel from Bristol and/or Felcor.

15. At the time Plaintiff rented a room from Defendants there was located on the hotel premises in the courtyard a swimming pool and hot tub ("The Hot Tub") for the use and enjoyment of Bristol/Felcor's guests.

16. At approximately 10:05 p.m. on November 2, 1998, Plaintiff, with the assistance of her aunt, Mollie Steed, entered The Hot Tub. At the time Plaintiff entered The Hot Tub the light inside The Hot Tub was not illuminated.

17. A short time after Plaintiff entered The Hot Tub, the light came on inside The Hot Tub below the water's surface (the Underwater Light) on the step near the entrance/exit where Plaintiff was sitting. Plaintiff stayed in The Hot Tub a short time and then returned to her room.

**COMPLAINT - Page 4**

18. Immediately after arriving back at her room Plaintiff undressed and got into the bathtub. Plaintiff then discovered three burns on the right side of her lower waist. Plaintiff touched the burned area and felt a tremendous burning and stinging on her sensation line.

19. The Hot Tub at issue was manufactured, distributed, sold and/or otherwise placed into the stream of commerce and ultimately installed at the hotel by one or more of the Defendants.

20. Plaintiff was burned by the Underwater Light in The Hot Tub at the hotel.

21. The Underwater Light at issue was manufactured, distributed, sold and/or otherwise placed into the stream of commerce and ultimately installed at the hotel by one or more of the Defendants.

22. Plaintiff received medical attention for the burns the next morning and was ultimately required to have a skin graft to treat the burns. Plaintiff has suffered permanent injuries, pain, suffering, scarring and other harm, and has incurred and will incur in the future medical and related expenses for treatment for injuries suffered as alleged above, lost earnings and earning capacity, and other damages.

### **FIRST CAUSE OF ACTION**
(Strict Product Liability)

For her first cause of action, Plaintiff complains and alleges against Defendants as follows:

23. Plaintiff incorporates by reference the allegations of Paragraphs 1 through 23 above.

24. Defendants Pool 'N Patio, National Service Industries, Inc., Acuity Brands, Acuity Lighting, GTY Industries, Hydrel, Lithonia, Sta-Rite and USHIO, designed,

manufactured, distributed, sold and/or installed The Hot Tub and Underwater Light, which were, in the normal course of distribution, provided to and utilized by Felcor/Bristol at the hotel for its intended purpose.

25. The Hot Tub and Underwater Light were utilized by the hotel without any substantial change in their condition at the time of sale and distribution.

26. The Hot Tub and the component Underwater Light were in a defective condition and were unreasonably dangerous to Plaintiff and other foreseeable users. The defective conditions include, but are not limited to, placement of a light capable of inflicting burns in a location where users would foreseeably come in contact with it, the lack of an adequate guard around the light to prevent users from burns, and inadequate warning about the dangerous light.

27. At all times relevant hereto, Plaintiff used The Hot Tub in a proper, intended and normal manner.

28. The defective and dangerous condition of The Hot Tub and component Underwater Light proximately caused Plaintiff's injuries and damages as set forth above.

29. Defendants are strictly liable to Plaintiff for said injuries incurred.

## SECOND CAUSE OF ACTION

(Negligence by Defendants Pool 'N Patio, National Service, Acuity Brands, Acuity Lighting, GTY, Pentair, Hydrel, Lithonia Lighting, USHIO, Sta-Rite)

For her second cause of action, Plaintiff complains and alleges against said Defendants as follows:

30. Plaintiff incorporates by reference the allegations of Paragraphs 1 through 29 above.

**COMPLAINT - Page 6**

31. Said Defendants negligently designed, assembled and installed The Hot Tub and the Underwater Light. In particular, negligently incorporated an inappropriate Underwater Light into The Hot Tub, failed to provide adequate guarding against the exposed light in The Hot Tub, located the Underwater Light in an unsafe location where foreseeable users of The Hot Tub could be injured, failed to properly instruct and warn users of the Hot Tub and Underwater Light concerning foreseeable dangers and risks of injury to said users when the equipment was used in the manner intended by Defendants, and otherwise failed to exercise reasonable care to avoid injury to foreseeable users, which negligence proximately caused Plaintiff's injuries as described above.

32. By reason of their negligence as set forth above, Defendants are liable to Plaintiff for all injuries sustained by her.

### THIRD CAUSE OF ACTION
(Breach of Warranties by Defendants Pool 'N Patio, National Service, Acuity Brands, Acuity Lighting, GTY, Pentair, Hydrel, Lithonia Lighting, USHIO, Sta-Rite)

For her third cause of action, Plaintiff complains and alleges against said Defendants as follows:

33. Plaintiff incorporated by reference the allegations of Paragraphs 1 through 32 above.

34. The Hot Tub and component Underwater Light at issue in this case were not fit for the ordinary purposes for which such equipment is used, were unmerchantable and were inadequate for their specific intended purposes.

35. The defective condition of said Hot Tub and component Underwater Light constitutes a breach of Defendants' implied warranties of merchantability and suitability for

intended purposes, rendering Defendants liable for all injuries sustained by Plaintiff in amounts to be proved at trial.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

1. For judgment in favor of Plaintiff and against Defendants for special damages, including but not limited to medical and other expenses, lost wages and lost future earning capacity, in such amounts as are appropriate and to be proved at trial.

2. For judgment in favor of Plaintiff and against Defendants for general damages in such amounts as are appropriate and to be proved at trial.

3. For an award to Plaintiff of her costs herein, and for such other and further relief as the Court may find to be just and equitable.

### DEMAND FOR JURY TRIAL

Plaintiff hereby requests and demands a trial by jury on all issues contained in this Complaint.

Dated this _____ day of November, 2002.

    MARCUS, MERRICK, CHRISTIAN & HARDEE, L.L.P.

    JAMES DUNN

    By: _____
        James Dunn
        Attorneys for Plaintiff